United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-31017
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GAIL A. CLARK, also known as Gail A. Singleton,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-61-1
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Gail A. Clark appeals her 120-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Clark's sentence included an upward departure from Criminal History Category VI pursuant to U.S.S.G. § 4A1.3. Clark argues that her sentence was unreasonable.

When a defendant appeals a sentence imposed pursuant to the advisory guidelines scheme required by United States v. Booker, 543 U.S. 220 (2005), this court determines whether the sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was reasonable.  United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006).  The sentencing court's factual findings are accepted unless clearly erroneous, and the application of the Guidelines is reviewed de novo.  Id.

A sentence imposed "within a properly calculated Guidelines range . . . is afforded a rebuttable presumption of reasonableness."  Id. at 707.  A sentencing court also "may impose a sentence that includes an upward or downward departure as allowed by the Guidelines."  Id.  Because such a departure is derived from the Guidelines, the sentence is a "guideline sentence," and the decision to depart and the extent of the departure are both reviewed for abuse of discretion.  Id.

The district court based its decision to upwardly depart on permissible grounds including Clark's prior convictions for numerous offenses for which she was not assessed criminal history points and numerous pending charges.  See § 4A1.3(a)(2)(A), (D); United States v. Simkanin, 420 F.3d 397, 416 n.21 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006).  In addition, the district court considered the nature of Clark's convictions, when it remarked that Clark's extensive criminal history was replete with convictions for forgery, theft, and possession of a controlled substance.  See § 4A1.3, comment. (n.2(B)).  This court has stated that "drug crimes, and theft . . . pose an obvious danger to society."  See United States v. Lee, 358 F.3d 315, 329 (5th Cir. 2004).  Also, the district court's comments

reflect 18 U.S.C. § 3553(a)'s requirement to consider the seriousness of the offense, the need for punishment, deterrence, and protection from future crimes by Clark. Moreover, the degree of the upward departure, which resulted in a guidelines range 14% greater than Clark's guidelines maximum, was reasonable. See United States v. Smith, 417 F.3d 483, 492-93 (5th Cir.), cert. denied, 126 S. Ct. 713 (2005); Simkanin, 420 F.3d at 416 n.21. Accordingly, the district court's upward departure was not an abuse of discretion and Clark's sentence was reasonable. See Smith, 440 F.3d at 706. Clark's sentence is affirmed.

AFFIRMED.